## ELIAS LYMAN *vs.* THE WHITE RIVER BRIDGE COMPANY.

Corporations, although they can do no act but through the instrumentality and agency of others are liable in trespass for torts authorized or commanded by them.

A demurrer to a declaration charging a corporation in trespass, is admission that an authority to do the acts complained of, was given by the corporation, either under their corporate seal, or by their corporate vote.

*Dictum.*—The principle applicable to co-trespassers does not affect cases of indemnity, where one does an act by the command of another, not *prima facie* a trespass, and not knowing it to be illegal.

TRESPASS *quare clausum fregit* against a corporation aggregate; general demurrer to the declaration, and joinder in demurrer.

The cause was argued at the last term, when

*Hubbard* and *Everett*, in support of the demurrer, contended, that an action of trespass will not lie against a corporation, and cited 1 *Chitty*, 65, 66----*Doe* vs. *Woodman*, 8 *East.* 229---*Bac. Abr. Corp. E.* 5----2 *Term Rep.* 672.

Trespass, they said, lies for such acts, and such only, as are committed with violence, *vi et armis*, to the person, property, or relative rights of another, whereby a damage has accrued.---- *Hammond's N. P.* 33, 34. Corporations, as such, cannot commit an act *vi et armis*. They do and perform all their business

*Windsor,*
*February,*
*1827.*

*Lyman*
*vs.*
*The White*
*River Bridge*
*Company.*

by agents; and such agents only can be sued for any trespass committed in the execution of their agency.---*Harman* vs. *Tappan, et. al.* 1 *East.* 555.---6 *East.* 6.---*Kyd on Corporations,* 225.

*Marsh* and *Hutchinson,* contra, insisted that corporations, created for their own benefit, stand on the same ground as individuals, in this respect, or on the same ground as a voluntary company of individuals, associated for their own convenience and profit. And in support of this position, they cited the opinion of the court, delivered by *Parsons, J.* in *Biddle* vs. *Proprietors of Merrimack Locks & Canal,* 7 *Mass. R.* 182.---*Mower* vs. *Leicester,* 9 *Mass. R.* 250.---*Bush* vs. *Stanman,* 1 *Bos. & Pul.* 404.---3 *Campb.* 403.---*Yarborough et. al.* vs. *Bank of England,* 16 *East.* 5.

At this term, the opinion of the Court was delivered by

Prentiss, J. The action is *trespass* for breaking and entering the plaintiff's close, and erecting thereon a bridge, with two piers and an abutment, and a toll-gate and toll-house. The defendants have demurred to the declaration; and the general question is, whether an action of trespass will lie against a corporation.

It is urged, that as a corporation is an artificial being, invisible, intangible, and existing only in contemplation of law, it cannot, as such, commit, or be sued for a *tort,* but the action must be brought against each person who committed the tort, by name; and this proposition appears not only to receive countenance, but support, from some of the authorities. But on looking into the books, we find many cases in which actions on the case arising *ex delicto,* where the plea is *not guilty,* have been maintained against corporations, at common law. Mr. *Chitty,* in his treatise on pleadings, *p.* 68, lays it down, that corporations and incorporated bodies may be sued in that character, in many instances, for neglect of a duty imposed on them by law. In *The Chesnut Hill Turnpike Co.* vs. *Rutter,* 4 *Sarg. & Rawle's Rep.* 6, it was held, that an action of trespass on the case will lay against a corporation aggregate for a tort. In *Riddle* vs. *The Proprietors of the Locks and Canals on Merrimack River,* 7 *Mass. R.* 187, it was determined, that an action on the case, at common law, would lie against an aggregate corporation, for neglect of a corporate duty, by which the plaintiff had suffered damage. In *Rex* vs. *The Corporation of Rippon, Com.* 86, cited in *Hammond on Parties to Actions,* 262, it is laid down, that a corporation may be sued as such, in an action on the case, for a false return made by them to a *mandamus;* or the individuals who voted for it may be sued in their private capacities. In *Yarborough et. al.* vs. *The Governour & Company of the Bank of England,* 16 *East.* 6, which was trover for three promissory notes, it was moved, after verdict for the plaintiffs, to arrest the judgment, on the ground that the action of trover, which is founded in tort, did not lie against a corporation; but

Windsor, February, 1827.

Lyman vs. The White River Bridge Company.

It was determined, on a review of all the authorities, that the action well lay. This case, and the others referred to, are entirely decisive, that a corporation, as such, may be sued in an action on the case for a tort.

But it is said, that, admitting that a corporation is liable in an action on the case for a tort, yet it cannot commit a *trespass*, or be answerable in that form of action. But if an action on the case will lie against a corporation for a tort, there seems to be no good reason why *trespass* will not also lie. The distinction between the two actions is not, whether the act complained of was accompanied with force, or whether there was an intent to do the injury; but whether the injury was the direct and immediate effect of the act complained of, or was the collateral consequence of some act previously done. If a corporation is liable in *case* for consequential damages, proceeding from an act authorized by them, they may, and ought to be liable in *trespass*, for an immediate or direct injury, arising from an act authorized by them, or done by their command. Indeed, there seems to be no difference, either on principle, or on technical grounds, as to the liability of a corporation, in actions of the case *ex delicto*, and actions of *trespass*. The objections, that, in *trespass*, the process, at common law, was *capias*, and that the judgment against the defendant always concluded with a *capiatur*, applies as well to actions of trespass on the case arising *ex delicto*, where the plea is *not guilty*, as to actions of trespass *vi et armis*. But the objection no longer exists to either action, even in England; for the statute of 5 & 6 *W. & M.* took away the fine in all cases, and no notice is now taken of it in the judgment. And here, no such judgment was ever entered, and therefore this technical objection totally fails. But if it were otherwise, it would not affect the question. In *Riddle* vs. *The Proprietors of the Locks and Canals on Merrimack River*, it was objected, that in all actions of trespass, and trespass on the case, where the general issue was *not guilty*, if judgment was against the defendant, a part of the judgment, at common law, was an entry of a *capiatur;* and the corporations having only a legal, and not a natural body, no *capiatur* could be awarded against them, and, therefore, no such action lay against a corporation, at common law. But *Parsons*, Ch. J. says----"That a *capias* does not lie against a corporation is evident, but that no action of trespass lies, is questionable; for it is agreed that a corporation may be fined on indictment, and the fine levied by distress; and why may not a corporation be amerced, and the amercement collected in the same manner." And he goes on to cite a number of ancient cases, in which *trespass* was held to lie against a corporation : such as trespass for distraining the plaintiff's cattle, until he paid a toll which he was not bound to pay; trespass for disturbing the plaintiff in the profits of his liberties, and for disturbing him in holding a leet; and in an assize, as a disseizer with force. He con-

*Windsor,*
*February,*
*1827.*

Lyman
*vs.*
The White
River Bridge
Company.

cludes by saying, that it is very clear, from the examination of the old books, that some actions of trespass might, at common law, be maintained against aggregate corporations; and, as in these actions, no *capiatur* could be entered, the omission of the entry could be no objection to the action.    In *Yarborough et. al.* vs. *The Gouernour & Company of the Bank of England, Lord Ellenborough* considers the objection, that bodies merely corporate, and of an impersonal nature, cannot be subject to a *capias,* as of no weight.    He states the question to be, whether a corporation can be guilty of a *trespass,* or *tort ;* and he cites numerous cases to show, that they may be aiding to a trespass, may give command to enter into land, and may be disseizers. He puts trespass and trover on the same footing, and his opinion proceeds on the ground, that as trespass would lie, trover might of course be maintained.

It would seem, then, to be settled by the authorities, that trespass will lie against a corporation ; and in reason, and on principle, if a man is injured by any tortious act of a corporation, done by its authority, he ought to have his remedy by action against them, as much as against a natural person.    In actions in form *ex delicto,* as *case, trover, trespass,* &c. the rule is,, that the action may be brought either against the person who actually committed the injury, or against him who commanded or authorized it.    And it is a general principle, that a corporation is liable for the acts of its servants, agents, or officers, while acting within the limits of the authority delegated to them by the corporation, or acting under its command.    It is a fallacy to say, that because a corporation has no natural existence or physical powers, they cannot commit a trespass.    It is true, they cannot commit a trespass but through the instrumentality of others ; neither can they make a contract, or do any other corporate act whatever, but through the agency of others.    A corporation cannot *do a tort,* but by their writing under their common seal.  (6 *Vin. Abr.* 289.)    A corporation cannot be *aiding to a trespass,* nor give *warrant to do a trespass,* without writing.  (6 *Vin. Abr.* 288.)    As a corporation, says *Lord Ellenborough,* in the case referred to, they can do no act, not even affix their corporate seal to a deed, but through the instrumentality and agency of others ; but, he adds, whenever they can *competently do,* or *order any act to be done,* which, as by their common seal they may do, they are liable to the consequences of such act, if it be of a tortious nature, or to the prejudice of others.    It is, therefore, very clear, that for any act of a tortious nature, which a corporation may, by vote, or under their corporate seal, authorize or command to be done, an action, in form appropriate to the nature of the injury, will lie against them.    Considering the numerous incorporated companies, established among us for various purposes, having extensive powers, and carrying on extensive business, it seems necessary that this principle should be adopted ; for without it,

the party injured might, in many cases, be without any adequate remedy. It is said, that a vote of the members, authorizing a trespass, cannot be binding upon the corporation as such, but must be considered as the act of the individuals voting for it, for which they alone are liable. This would probably be true, if the vote, upon the face of it, was to do an illegal act. Where the act is not *prima facie* a trespass, as if a sheriff take particular goods on a writ by direction of the creditor, or one do an act by the command of another, not knowing it to be illegal or a trespass, he may have an action against the creditor or person commanding, for an indemnity. (*Arundle* vs. *Gardner, Cro. Jac.* 652.) In *Merryweather* vs. *Nixon,* 8 *T. Rep.* 186, *Lord Kenyon* said, that the principle applicable to co-trespassers did not affect cases of indemnity, where one man employed another to do acts, not unlawful in themselves, for the purpose of asserting a right. On this principle, the vote of a corporation to do an act *prima facie* within their corporate powers, and to answer the purposes for which they were created, as in this instance to erect a bridge, toll-house, &c. would be binding upon the corporation, although the act might turn out to be a trespass. If the vote would make them liable, as a corporation, to indemnify their agents for performing the act, it must make them directly liable as such to the party injured by it. The principle adopted is, that a corporation, although it can do no act but through the instrumentality and agency of others, is liable in trespass for a tort authorized or commanded by them; and as the trespass in this case is alleged to have been committed by the corporation, it must be taken, in demurrer, that an authority to do the acts complained of was given, either under their corporate seal, or by their corporate vote.

Judgment for the plaintiff.

HUTCHINSON, J. being of counsel in the cause, did not sit on the trial.

*Chs. Marsh* and *T. Hutchinson,* for the plaintiff.

*Wales, Hubbard* and *Everett,* for the defendants.